T.C. Summary Opinion 2009-5

UNITED STATES TAX COURT

STELLA A. DEVITO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5821-07S.                    Filed January 7, 2009.

Stella A. DeVito, pro se.

<u>Brooke S. Laurie</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $8,472 in petitioner's 2003 Federal income tax and a $130.50 addition to tax for failure to file the return on time.

The issues for decision are whether petitioner is entitled to itemized deductions in amounts greater than respondent allowed and whether petitioner is liable for the addition to tax under section 6651(a)(1).

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. Petitioner lived in California when she filed the petition.

Petitioner worked full time as a nurse in 2003, purchased new nursing uniforms, and paid to have her uniforms cleaned. Petitioner traveled by train to nursing continuing education conferences during 2003. Before and after these conferences, she investigated nursing employment opportunities in the cities where the conferences were held. Petitioner incurred expenses for tuition, conference materials, train tickets and local transportation, meals and lodging, telephone and computer use, entertainment, and dry cleaning during these trips. She also paid to produce and/or duplicate her resume.

Petitioner had several health problems in 2003, including depression and chronic pain and fatigue. One reason she investigated employment opportunities in other cities was her hope that relocating would improve her depression. Petitioner sought and received assistance for these ailments from her church, the Christian Church of Religious Science, seeing church "practitioners" 5 days each week throughout 2003 and paying $60 for each visit.

There is no dispute that petitioner filed her 2003 Federal income tax return late. The Internal Revenue Service (IRS) received the return on April 1, 2005.

Petitioner claimed itemized deductions of $69,496 in 2003, including: (1) State and local taxes of $8,226; (2) home mortgage interest of $20,189; (3) medical and dental expenses of $21,715, of which she deducted $14,907 (the amount of her expenses exceeding $6,808, the floor imposed by section 213(a)); (4) charitable contributions of $5,000 in cash and $500 in property; and (5) miscellaneous itemized deductions of $22,489, which included $55 for safe deposit box rental and $22,434 for job-related expenses, and of which she deducted $20,674 (the amount of her expenses exceeding $1,815, the floor imposed by section 67(a)).

The IRS sent petitioner a letter in May 2005 requesting additional information in order to process her 2003 return. The

IRS sought more information about petitioner's claimed job-related expenses. After petitioner provided further details, the IRS processed the return, made some adjustments, and issued a refund for 2003 in an amount smaller than the refund petitioner claimed. At a later date petitioner's 2003 return was selected for examination.

In May 2006 petitioner had an incident in her kitchen which she described as a protein fire. Although little or no damage resulted from the fire itself, substantial cleanup was required as a result of the smoke that permeated her house and the odor and residue that coated her possessions. Many of petitioner's records, including documents to support her itemized deductions for 2003, were placed into plastic bags during the cleaning process.

In December 2006 the IRS issued a notice of deficiency, allowing deductions totaling $28,415 for State and local taxes and home mortgage interest and disallowing in full petitioner's claimed medical expense, charitable contribution, and miscellaneous itemized deductions. The IRS also determined a $130.50 addition to tax for petitioner's failure to file her 2003 return on time.

At trial petitioner explained that her records must have been discarded by the cleaning company because she was unable to locate them during the IRS examination. She asserted that the

fire and the actions of the cleanup crew were beyond her control and that she should be allowed to reconstruct her records. Petitioner's reconstruction of her medical expenses at trial indicated that she claimed the following:

| Expense description | Amount claimed |
| --- | --- |
| Drugs, dental and eye care | $1,974 |
| Medical supplies | 2,967 |
| Domestic partner health insurance | 1,174 |
| Mental health treatments | 15,600 |
| Total | 21,715 |

Petitioner also testified that she had $2,866 withheld pretax in 2003 to pay for out-of-pocket health care costs.  The mental health treatments petitioner claimed were provided by practitioners in her church.

Petitioner presented some vague testimony that her noncash contributions were donations of clothes and small electronic devices to a charity that cares for feral cats, that she received blank acknowledgments for each donation, and that those receipts were with her other records which must have been inadvertently discarded.  Petitioner provided records showing cash donations of $225 and $624 to charities in California.  She also claimed to have donated $1,825 in cash during Alcoholics Anonymous (AA) meetings in 2003 ($5 per day, 365 days in 2003) and $2,326 in cash during services at the Christian Church of Religious Science in 2003 (generally three services per week and $10-20 per service).

Petitioner's reconstruction provided the following details for the job-related expenses she claimed as miscellaneous itemized deductions:[2]

| Job-related expense description | Amount claimed |
| --- | --- |
| Continuing nursing education trips | $15,691 |
| Job search expenses (before and after continuing nursing education trips) | 3,875 |
| Purchasing and cleaning uniforms | 1,450 |
| Nursing association membership | 110 |
| Nursing journal subscriptions | 98 |
| State nursing license fee | 250 |
| National nursing accreditation fee | 350 |
| Union dues | 600 |
| Total | 22,424 |

Petitioner did not offer any evidence to support her continuing education trips or her job searches. She was unable to remember any details about these trips, including the names of the cities where she attended nursing courses and inquired about employment. Petitioner explained that she met with people and asked about the kinds of jobs and salaries available for nurses in these cities, but that she did not apply or interview for any jobs.

Petitioner testified credibly about the need to buy and maintain her nursing uniforms, about requirements that she maintain her skills by reading journals and pursuing continuing medical education, and about the costs associated with

---

[2] In response to the Internal Revenue Service's (IRS's) request for information about petitioner's job-related expenses, petitioner mailed the IRS a letter summarizing those expenses. The expenses summarized in petitioner's letter, which is dated before the 2006 fire, are the same as petitioner's reconstructed expenses.

maintaining her nursing license and accreditation.  Petitioner conceded that she did not pay union dues in 2003 but did not explain the $10 difference between the sum of her expenses as reconstructed and the amount she claimed.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner has neither alleged that section 7491(a) applies nor established her compliance with its requirements.  Petitioner therefore bears the burden of proof.

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers are required to maintain records sufficient to enable the Commissioner to determine their correct tax liability.  Sec. 6001; sec. 1.6001-1(a) Income Tax Regs.  Such records must substantiate both the amount and purpose of the claimed deductions.  Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

When a taxpayer establishes that she has incurred a deductible expense but is unable to substantiate the exact amount, we are generally permitted to estimate the deductible amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). To apply the Cohan rule, however, the Court must have a reasonable basis upon which to make an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Congress overrode the Cohan rule with section 274(d), which requires strict substantiation for certain categories of expenses; in the absence of evidence demonstrating the exact amount of those expenses, deductions for them are to be disallowed entirely. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Expenses subject to section 274(d) include travel and meal expenses, as well as expenses for listed property, such as passenger automobiles, computers, and cellular telephones. Secs. 274(d), 280F(d)(4). The taxpayer must substantiate the amount, time, place, and business purpose of these expenditures and must provide adequate records or sufficient evidence to corroborate her own statement. See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). An exception allows the taxpayer to substantiate her expenses through a reasonable reconstruction of her records, but only where the taxpayer establishes that her records were lost due to

circumstances beyond her control, such as to fire, flood, earthquake, or other casualty.  Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

1.  Medical and Dental Expenses

Section 213(a) allows as a deduction any expenses that are paid during the taxable year for the medical care of the taxpayer, her spouse, and dependents and that are not compensated for by insurance or otherwise.  Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982).  The deduction is allowed only to the extent the amount exceeds 7.5 percent of the taxpayer's adjusted gross income.  Sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs. The term "medical care" includes amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body".  Sec. 213(d)(1)(A); Estate of Smith v. Commissioner, supra at 318-319.  Expenditures which merely provide a general health benefit are not deductible because deductions allowable under section 213 are confined strictly to expenses paid primarily for the prevention or alleviation of a physical or mental defect or illness.  Sec. 1.213-1(e)(1)(ii), Income Tax Regs.

Petitioner claimed that she spent $60 per day, 5 days each week to have practitioners from her church treat her.  However, petitioner has not provided any substantiation for the amounts she paid the religious practitioners.  Accordingly, we cannot

estimate any amount of that deduction.  On the basis of the record, we sustain respondent's disallowance of petitioner's claimed deduction for $15,600 in mental health treatment obtained through her church.[3]  See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Petitioner claimed a deduction for $1,174 relating to her purchasing health insurance for her domestic partner in 2003. Petitioner did not allege or prove that her partner was either her spouse or her dependent in 2003.  Accordingly, this expense is not deductible under section 213(a).

Although petitioner provided some evidence to support her other claimed medical and dental expenses for 2003, those expenses total $4,941, which is less than the floor imposed by section 213(a).  Petitioner is not entitled to an itemized deduction in 2003 for medical and dental expenses.[4]

2.  Charitable Contributions

Section 170 allows deductions for charitable contributions made during a taxable year, provided the taxpayer verifies the

---

[3] Petitioner did not introduce any documents or provide testimony about the specific types of medical treatments provided by these religious practitioners.  Because we decide this issue on the basis of petitioner's failure to substantiate, we need not and do not decide whether the services provided through petitioner's church are deductible medical services.

[4] We note that the $2,866 petitioner contributed pretax to her beneflex health flexible spending account would further reduce her substantiated health and dental expenses.

contributions.  Taxpayers are required to substantiate donations made by cash or check via (1) canceled checks, (2) receipts from the donee (showing the donee's name and the date and amount of the donation), or (3) other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.  Taxpayers must substantiate gifts of property via receipts from the donee (showing the donee's name, the date and location of the contribution, and a description of the property contributed).  Sec. 1.170A-13(b)(1), Income Tax Regs.  For charitable contributions over $250, additional substantiation is required.  Sec. 170(f)(8).

Petitioner reconstructed and documented cash contributions of $225 and $624 for 2003.  On the basis of the record, we allow a deduction for these contributions, amounting to $849.

Petitioner did not provide support for her noncash contributions or for the cash donations she made during AA meetings and church services.  In the absence of corroborating evidence, we are not required to accept, and do not accept, petitioner's self-serving testimony that she made those donations.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Madden v. Commissioner, T.C. Memo. 2006-4.  Accordingly, we sustain respondent's disallowance of petitioner's deductions for

the $500 noncash contribution and the remaining $4,151 in cash charitable contributions.[5]

3. <u>Miscellaneous Itemized Deductions</u>

Section 162 allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. Performing services as an employee constitutes a trade or business. <u>Primuth v. Commissioner</u>, 54 T.C. 374, 377-378 (1970). Those expenses that are (1) ordinary and necessary to the taxpayer's business and (2) paid or incurred in a given year are deductible that year. Sec. 162(a); see sec. 1.162-17(a), Income Tax Regs. However, personal, living, or family expenses are not deductible. See secs. 162(a), 262(a); sec. 1.162-17(a), Income Tax Regs.

Petitioner's travel to and attendance at nursing conferences, like her travel and expenses for job searches before and after such conferences, are subject to the strict substantiation requirements of section 274(d). We may not estimate those expenses, but taxpayers may reasonably reconstruct their records to substantiate expenses if the records are lost. Petitioner claimed her records must have been lost but did not offer any reconstruction of the expenses or any detailed

---

[5] Because we sustain respondent's disallowance due to lack of substantiation, we need not and do not decide whether cash deposited into the collection basket during Alcoholics Anonymous meetings is a charitable contribution.

testimony about the travel.  Accordingly, she is not entitled to deduct any of the expenses claimed for continuing education trips or for job searches.

Petitioner testified credibly about her need to purchase new uniforms and to have them professionally cleaned regularly. Where business clothes are suitable for general wear, their cost is typically not deductible.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958).  However, where custom and usage forbid wearing a uniform when off duty, deduction is allowed.  The cost of maintaining clothes for work is deductible when the purchase price was deductible.  Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980).  We accept petitioner's testimony that she spent $1,450 to purchase and maintain her nursing uniforms in 2003 and conclude that she is entitled to deduct this amount.

We also accept petitioner's testimony that her nursing association membership fee and nursing journal subscription expenses are ordinary and necessary expenses related to her work as a nurse.  She is entitled to deductions of $110 and $98, respectively, for these items.  Likewise, the fees incurred to renew her State nursing license and her national nursing accreditation are ordinary and necessary expenses of her nursing profession, and she is entitled to deductions of $250 and $350, respectively, for those expenses.

Finally, we accept petitioner's testimony that she paid $55 to rent a safe deposit box in 2003, and she is entitled to deduct that amount.

4. Failure To File Addition to Tax

Respondent determined a $130.50 addition to tax for petitioner's late-filed return for 2003.

Section 6651(a)(1) imposes an addition to tax of 5 percent per month of the amount of tax required to be shown on the return, not to exceed 25 percent, for failure to timely file a return. The addition to tax under section 6651(a)(1) is imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.[6] The record does not establish that petitioner's failure to timely file her 2003 return was due to reasonable cause and not willful neglect. Thus, petitioner is liable for the section 6651(a)(1) addition to tax.[7]

---

[6] Sec. 7491(c) provides that the Commissioner has the burden of production in any Court proceeding with respect to liability for an addition to tax. Respondent has established that the tax return for 2003 was not timely filed.

[7] Because we have allowed some deductions disallowed by respondent, the amount of tax required to be shown on petitioner's 2003 return will be different from the amount shown on the notice of deficiency, and the addition to tax, which is 25 percent of that amount, will also differ. We leave the recalculation to the parties' Rule 155 computations.

To reflect our disposition of the issues,

<u>Decision will be entered</u>

<u>under Rule 155</u>.